UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 21-mj-017-GMH |
| | : | |
| CLEVELAND GROVER MEREDITH, JR. | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply in response to the defendant's Memorandum In Support of Release. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

**Background**

On January 7, 2021, a criminal complaint and arrest warrant was filed in the United States District Court for the District of Columbia charging the defendant with Interstate Communication of Threats, in violation of Title 18 U.S.C. § 875(c). In addition, the complaint alleges violations of District of Columbia Superior Court with 7 D.C. Code §§ 2502.01(a) and 2506.01(a)(3). The charges stem from interstate threats communicated by the defendant on January 7, 2021, in which he threatened to kill Congresswoman Nancy Pelosi. Law enforcement agents subsequently executed a consensual search of the trailer affixed to the truck that the defendant drove to Washington, D.C. Recovered from inside of the trailer were two firearms, including an assault style rife with telescopic sight, over 2,500 rounds of ammunition, and multiple high capacity

1

magazines. The defendant later admitted to investigators that the firearms and ammunition belonged to him and that he knew that possession of these weapons was a violation of District law.

On January 8, 2021, the defendant was presented before this Court for his initial appearance. The government requested a 3-day continuance and moved for pre-trial detention pursuant to 18 U.S.C. § 3142 (f)(2)(A). The defendant argued that a detention request was not supported by the underlying charges. This Court rejected the argument in reliance on *United States v. Santoro*, 359 F.Supp.3d 122 (2019), accepting the government's argument that the threats charge qualifies for detention eligibility under 18 U.S.C. § 3142 (f)(2)(A). A detention hearing was scheduled for January 13, 2021 at 1:30 p.m.

Government counsel filed a Memorandum in Support of Detention (ECF 4) on January 13, 2021, at 3:09 a.m., and was in receipt of the defendant's Memorandum in Support of Relief (ECF 5) that day at 12:09 p.m. At the scheduled detention hearing, this Court rescheduled the detention hearing for January 14, 2021, at 1:45 p.m., to provide the government an opportunity to reply to the defendant's memorandum.

## **Argument**

The defendant argues that the interstate communication of a threat to kidnap or injure another person does not qualify as a crime of violence. This ignores the analysis in *United States v. Santoro*, 359 F.Supp. 3d 122 (D. Me. 2019), which determined that such an offense, as enumerated under 18 U.S.C. § 875(c), is a crime of violence. The very threat to injure another, it reasoned, is a threatened use of violent force. As is the case here, the court noted that "[t]he defendant has not explained how one can threaten to injure the person of another without such a threat implying the use of violent force to do so." *Santoro*, 359 F.Supp. 3d at 128; citing *United*

*States v. Chapman*, 866 F.3d 129, 134-35 (3rd Cir. 2017) (where a mailed threat to injure someone under section 876(c) amounted to a crime of violence).

Similarly, in citing *Sontoro*, the same decision was reached in *United States v. Christy*, No. 3:18-CR-223, 2020 WL 2794617, at *4 (M.D. Pa. May 29, 2020), where the communication of threats, including to the President, "are clearly crimes of violence under the Bail Reform Act." *See* 18 U.S.C. 3156(a)(4); *United States v. Choudhry*, 941 F.Supp. 2d 347, 351 (E.D.N.Y. 2013) (communication of threat to injure another is a crime of violence for detention purposes). As in the case where a threat issued to the President of the United States qualifies as a crime of violence for purposes of detention, the same conclusion should follow here in the communication of a threat against a Congresswoman.

Nevertheless, the defendant does pose a serious risk of flight as well. He has no ties to this community and has a means of transportation. Moreover, he has exhibited an extreme degree of hostility against governmental functions, ostensibly traveling to the District with violent intentions at a time that coincided with a hearing to confirm the next President of the United States.

## **Conclusion**

WHEREFORE, the Government maintains its request for the Court order the defendant to be detained without bond pending resolution of this case.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

By: _____
AHMED BASET
Assistant United States Attorney

United States Attorney's Office for the<br>
District of Columbia<br>
Public Corruption & Civil Rights Section<br>
555 4th Street, N.W., Room 5503<br>
Washington, D.C. 20530<br>
(202) 252-7097<br>
Ahmed.Baset@usdoj.gov

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via email on January 13, 2021.

_____
AHMED BASET
Assistant United States Attorney