UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>CLEVELAND GROVER )<br>MEREDITH, JR. )<br>)<br>Defendant )<br>_____ ) | Crim. No. 1:21-cr-00159 (ABJ) |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S
MOTION TO CONTINUE AND TO EXCLUDE TIME
UNDER THE SPEEDY TRIAL ACT**

Defendant Cleveland Grover Meredith, Jr., by and through undersigned counsel, hereby submits, pursuant to LCrR 47, this Opposition to the Government's Motion to Continue and to Exclude Time Under the Speedy Trial Act ("Motion to Exclude Time") (Docket No. 20). In support of this Opposition, Defendant states briefly as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES
RELEVANT FACTS AND PROCEDURAL HISTORY**

On January 7, 2021, Defendant was arrested by FBI agents at the hotel room where he was staying in the District and taken into custody. Per the Government, Defendant arrived by truck and trailer in the District late on January 6, 2021 (after the riots at the Capitol that day) with firearms and ammunition and "transmitted numerous threatening communications to several individuals" in relation to Speaker of the House Nancy Pelosi. Government's Memorandum in Support of Pretrial Detention at 1-5. Docket No. 4. The firearms and ammunition were later seized from Defendant's trailer. The Government has not presented any evidence or information indicating, *inter alia*, that Defendant made any "threatening communications" directly to Speaker Pelosi or posted them online; took any actions while in the District to actually follow up on such

allegedly "threatening communications"; ever removed the firearms or ammunition from the trailer; or ever participated in any January 6, 2021 or post-January 6, 2021 riot-related activities. Indeed, per information presented at the detention hearing, Defendant was resting in his hotel room when arrested.

On January 8, 2021, Defendant was charged by criminal complaint with violations of 18 U.S.C. § 875(c) (Interstate Communication of Threats); D.C. Code § 7-2502.01(a) (Possession of Unregistered Firearm); and D.C. Code § 7-2506.01(a)(3) (Possession of Unregistered Ammunition). Ubong Apkan, Esq. of the Federal Public Defender of the District of Columbia was appointed to represent Defendant.

On January 8, 2021, Magistrate Judge Harvey presided over a Telephonic Initial Appearance in which the Government moved orally for temporary detention pending trial pursuant to 18 U.S.C. §§ 3142(f)(1)(D), (f)(1)(E) and (f)(2)(A). Magistrate Judge Harvey granted the motion for temporary detention (3-day hold), and the matter was later set for a detention hearing on January 14, 2021. Minute Entries for January 13, 2021.

On January 13, 201, the Government and defense each filed briefs on the issue of pretrial detention. Docket Nos. 4 & 5.

On January 14, 2021, a hearing was held before Magistrate Judge Harvey to address Defendant's conditions of release pursuant to 18 USC § 3142(b). *See* Defendant's Motion to Revoke Magistrate's Order of Detention Pending Trial and to Set Conditions of Release, Exhibit 1, Transcript (redacted) of Detention Hearing on January 14, 2021 ("Motion to Revoke, Exhibit 1"). Docket 19. At the hearing, the Government argued, *inter alia*, that Defendant had acted "under the spell of the QAnon extremist ideological conspiracy movement" and, as such, was "someone who is volatile and someone who we cannot expect to follow any conditions of release

that are issued by the court." Motion to Revoke, Exhibit 1 at 23. The defense countered, *inter alia*, that 18 U.S.C. § 875(c) is not a crime of violence that is eligible for detention per 18 U.S.C. § 3142(f)(2)(A), *id*. at 4; that Defendant had made clear in other text messages that the allegedly threatening communications were not meant to be taken seriously – "LOL. I'm just having fun", *id*. at 25; that Defendant had previously participated peacefully in a rally at the Capitol in November 2020 without incident, *id*. at 26; and that, as the Government had acknowledged, Defendant is 53 years old and has no prior criminal record, *id*. at 28-30. Magistrate Judge Harvey found that the alleged "communicated threat made criminal under Section 875 is a crime of violence, making the charge sanction eligible under 3142(f)(1)(A)", *id*. at 10, and rejected defense arguments that a combination of conditions of release under 18 USC § 3142(c), such as GPS monitoring and refraining from illicit drug use, could be fashioned to ensure Defendants' appearance at future proceedings and the safety of other persons and the community, id. at 33. Magistrate Judge Harvey ordered that Defendant be detained pending trial, Order of Detention Pending Trial, Docket No. 10, and a preliminary hearing was set for January 28, 2021, Docket No. 10.

On January 25, 2021, the parties filed a consent motion to continue the preliminary hearing for a date after February 28, 2021, Docket No. 11, which motion was granted, Docket No. 12.

On February 11, 2021, undersigned counsel of Kiyonaga & Soltis, P.C. entered his appearance as counsel for Defendant, substituting for Ms. Apkan. Docket No. 15.

On February 17, 2021, AUSA Anthony Franks entered his appearance as substitute counsel for the Government. Docket No. 16.

On February 22, 2021, the Court held the ascertainment of counsel/status hearing. The

parties moved orally to move the date of the preliminary hearing to March 22, 2021 to allow time for discovery to be provided to undersigned counsel. The Court and parties discussed the possibility of having an arraignment in lieu of a preliminary hearing on March 22, 2021 if the Government secured an Indictment in the meantime.

On February 26, 2021, an Indictment was filed, charging Defendant with violations of 18 U.S.C. § 875(c) (Interstate Communication of Threats); D.C. Code § 7-2502.01(a) (Possession of Unregistered Firearm); D.C. Code § 7-2506.01(a)(3) (Possession of Unregistered Ammunition); and D.C. Code § 7-2506.01(b) (Possession of Large Capacity Ammunition Feeding Devices). Docket No. 17.

On March 15, 2021, Defendant submitted a Motion to Revoke Magistrate's Order of Detention Pending Trial and to Set Conditions of Release ("Motion to Revoke"). Docket No. 19.

On March 16, 2021, the Government submitted the instant Motion to Exclude Time, requesting that the Court provide a 60-day continuance of this case and exclude such time within which the trial must commence per the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, "on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendants in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv)." Docket No. 20. Defendant did not consent to the relief sought in the Motion to Exclude Time. *Id*. By Minute Order dated March 17, 2021, the Court instructed Defendant to submit his Opposition to the Motion to Exclude Time by March 23, 2021. *See* Minute Entry dated March 17, 2021.

On March 19, 2021, the Government submitted a Motion to File Under Seal the Government's Response to the Motion to Revoke. Docket No. 22. Per Minute Entry dated March 18, 2021, the Court has set a hearing on the Motion to Revoke for March 26, 2021, at

which time Defendant will also be arraigned on the charges in the Indictment and the instant Motion to Exclude will be addressed.  *See* Minute Entry dated March 18, 2021.

## ARGUMENT

The Government has moved to continue this matter for 60 days and exclude such time under the Speedy Trial Act, 18 U.S.C. 3161, *et seq*., on the basis that the "investigation and prosecution of the Capitol Attack will likely be one of the largest in American history, both in terms of number of defendants prosecuted and the nature and volume of the evidence."  Motion to Exclude Time at 2.  Evidently, the Government is in consultation with the Federal Public Defender to develop a "comprehensive plan for handling, tracking, processing, reviewing and producing discovery across the Capitol Attack cases" which envisions that "discovery most directly and immediately related to pending charges in cases involving detained defendants will be provided within the next thirty to sixty days."  *Id*. at 3.  So it follows, per the Government, that an "interests of justice finding" is appropriate in this case under the factors set forth in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).  *Id*. at 5 (setting forth factors).  As the Government summarizes in the Motion to Exclude Time:

> In sum, due to the number of individuals currently charged across the Capitol Attack investigation and the nature of those charges, the on-going investigation of many other individuals, the volume and nature of the potentially discoverable materials, and the reasonable time necessary for effective preparation for all parties taking into account the exercise of due diligence, the failure to grant such a continuance in this proceeding would be likely to make a continuation of this proceeding impossible, or result in a miscarriage of justice.

*Id*. at 7-8.

There is a fundamental problem with the Government's Motion to Exclude Time:  the Government has not alleged that Defendant participated in the riot at the U.S. Capitol on January 6, 2021 or conspired with anyone in relation to such riot.  Indeed, the Defendant has not

been charged with any of the "spectrum of crimes" that are being investigated in relation to the U.S. Capitol riot, including " "trespass, engaging in disruptive or violent conduct in the Capitol or on Capitol grounds, destruction of government property, theft of government property, assaults on federal and local police officers, firearms offenses [in relation to the Capitol riot], civil disorder, obstruction of an official proceeding, possession and use of destructive devices, and conspiracy." Motion to Exclude Time at 2 (listing offenses being investigated).

In fact, per the Government's own depiction of the relevant events, Defendant did not even arrive in the District until *after* the riot had ended. Motion to Revoke, Exhibit 1 at 21-22. Moreover, the Government has presented no information or evidence – be it by proffer or through discovery to date – that Defendant, *inter alia*, arranged ahead of time with any participants in the U.S. Capitol riot to join them at the riot; communicated with any participant in the U.S. Capitol riot during the time of the riot; or took any efforts the day after the riot to communicate with or meet up with any such participants. Nor has the Government provided any information or evidence that indicates that the text messages at issue were sent to any persons at the riot at the U.S. Capitol, to any law enforcement personnel protecting the U.S. Capitol that day or to any government or Congressional officials.

To the contrary, the Indictment in this case involves alleged actions by Defendant that are *circumscribed*, *individual to him*, *i.e.*, the sending of text messages from his cell phone to friends and family, and *distinct* from the actions of those who actually participated in, or conspired to participate in, the U.S. Capitol riot on January 6, 2021. This case may *relate* in some broad sense to the events of January 6, 2021, but the actual allegations against Defendant – principally, the sending of allegedly threatening text messages to family and friends – are *tangential* to those events. As such, there is no need to await the completion of likely the

"largest" investigation "in American history" in order for this case to proceed to trial. Motion to Exclude Time at 2. Once pointed, individualized discovery relating to the charges in the Indictment has been provided and any pretrial motions or other matters addressed, this case will be ready to go to trial without the requested 60-day continuance and exclusion of related time under the Speedy Trial Act.

The Government chose to arrest Defendant. The Government has chosen to indict Defendant. The Government has chosen to press for Defendant to be detained pending trial. It is thus not for the Government now to delay the trial in this case and infringe on Defendant's Speedy Trial Rights because it is overwhelmed by an investigation into a peripheral event involving peripheral participants on peripheral potential charges.

**WHEREFORE**, Defendant Cleveland Grover Meredith, Jr. respectfully requests that the Court deny Government's Motion to Continue and to Exclude Time Under the Speedy Trial Act and set a trial date compliant with the Defendant's rights to a speedy trial which will allow sufficient time for the circumscribed, individualized discovery in this matter to be produced and any pretrial motions resolved.

Respectfully submitted,

KIYONAGA & SOLTIS, P.C.

/s/ Paul Kiyonaga
_____
Paul Y. Kiyonaga
D.C. Bar 428624
Debra Soltis
D.C. Bar 435715
Marcus Massey
D.C. Bar 1012426
1827 Jefferson Place, NW
Washington, D.C. 20036
(202) 363-2776
pkiyonaga@kiyosol.com
*Counsel for Defendant*

March 23, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2021, a true and correct copy of the foregoing Defendant's Opposition to Government's Motion to Continue and to Exclude Time Under the Speedy Trial Act was served via the ECF system on the on the following attorneys for the Government:

>AUSA Anthony L. Franks
>DOJ-USAO
>111 S. 10th Street Rm. 20.
>St. Louis, MO 63102
>Email: anthony.franks@usdoj.gov

>AUSA Brandon K. Regan
>DOJ-USAO
>Federal Major Crimes
>555 4th St NW
>Washington, DC 20530
>Email: brandon.regan@usdoj.gov

>/s/ Paul Y. Kiyonaga
>_____
>Paul Y. Kiyonaga