## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 1:21-cr-00159 (ABJ)** |
| | ) | |
| **CLEVELAND GROVER** | ) | |
| **MEREDITH, JR.** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENDANT'S UNOPPOSED MOTION TO SEAL
## <u>PORTIONS OF THE SENTENCING PROCEEDING</u>

Pursuant to the Court's Minute Order of September 13, 2021, Defendant Cleveland Grover Meredith, Jr., through undersigned counsel, hereby moves the Court to seal the following portions of the upcoming sentencing proceeding, currently set for December 14, 2021, which address:

- Any psychological childhood trauma suffered by Defendant

- Any prior or current mental health diagnoses of Defendant

- Any medications previously or currently proscribed to Defendant

Undersigned counsel has retained an expert witness, Stephen Xenakis, MD, who is preparing a report regarding, *inter alia*, Defendant's mental health issues. Undersigned counsel intends, with leave of Court, to file Dr. Xenakis' report under seal and to correspondingly (likewise with leave of court) redact portions of the publicly-filed defense sentencing memorandum.

Undersigned counsel believes that all references, analysis or arguments as to these issues can be cabined to a discrete portion of the sentencing hearing.

## <u>ARGUMENT</u>

The press, media and public have a First Amendment right to access criminal trials.

Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980).  Although such a general right of access exists, the Supreme Court has articulated a two-part "experience and logic" test for determining whether a right of access attaches to a particular kind of hearing.  Press–Enterprise Co. v. Superior Court of California (Press–Enterprise II), 478 U.S. 1 (1986).  The experience prong of the test concerns "whether the place and process have historically been open to the press and general public."  Id. at 8. The logic prong considers whether "public access plays a significant positive role in the functioning of the particular process in question." Id.  If a proceeding satisfies both parts of the test, a qualified First Amendment right of access arises that can be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 8-10.

There is no question that a sentencing hearing falls within the category of hearing to which a right of access attaches.  That said, there similarly "can be no question that ... medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection."  Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001).  Mr. Meredith's right to privacy, including the right to avoid the disclosure of his personal, psychiatric information, constitutes such a "higher value" and, as such, closure of that portion of the sentencing proceeding is essential.  See, e.g., United States v. Curran, 2006 WL 1159855, at *5 (D. Ariz. May 2, 2006) (sealing of competency evaluation).  Additionally, the relief sought by this Motion  – the sealing of only that portion of the proceeding addressing such information – is narrowly tailored to serve Mr. Meredith's right to privacy.

In this Circuit, the public also has a common law right of access to judicial records.  See, e.g., In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords., 964 F.3d 1121, 1127 (D.C. Cir. 2020).  While the common law provides a presumption in favor of right of

access, the presumption may be overcome by competing interests.  To ensure that appropriate

interests are assessed, the D.C. Circuit has created the "Hubbard test," which considers

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

Leopold, 964 F.3d at 1131 (quoting MetLife, Inc. v. Fin. Stability Oversight Council, 865 F.3d

661, 665 (D.C. Cir. 2017)).  The balance of these factors weighs heavily in favor of sealing the

portion of the proceedings related to Mr. Meredith's medical conditions and history.

The need for public access.  The D.C. Circuit has made clear that this factor looks to the

particular information that is to be sealed.  Cable News Network, Inc. v. Fed. Bureau of

Investigation, 984 F.3d 114, 119 (D.C. Cir. 2021).  Regardless of any generalized need the public

might have for access to the sentencing proceeding, the public does not need access to the

specific details of Mr. Meredith's medical treatments and evaluations.  Accordingly, this factor

weighs in favor of sealing the pertinent potion of the proceeding.

The extent of previous public access.  As with the first factor, the D.C. Circuit has made

clear that the Court is to consider the particular portion of the document or proceeding that is to

be sealed in the context of the entire proceeding.  Id.  While the public traditionally has access to

sentencing hearings and party sentencing memorandum, it does not have access to every

document relied upon by the district court, (e.g., the PSR), nor does it traditionally have access to

a defendant's private medical information.  Additionally, in this instance, failing to seal the

pertinent portions of the sentencing proceedings detailing private medical information would

result in the disclosure of information that is not already in the public domain.  Cf. Guttenberg v.

Emery, 26 F. Supp. 3d 88, 94 (D.D.C. 2014) (second factor weighed in favor of unsealing

because public, in practice, already has the sealed information). Accordingly, this factor weighs in favor of sealing the pertinent portion of the proceeding.

The fact that someone has objected to the disclosure. Mr. Meredith acknowledges that some courts have held that, where the only party to object to unsealing is a defendant, this factor weighs in favor of unsealing. United States v. Jackson, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021). But the D.C. Circuit has found that "the strength with which a party asserts its interests is a significant indication of the importance of those rights to that party." Hubbard, 650 F.2d at 319. And Mr. Meredith strongly objects to the disclosure of his personal medical information. Accordingly, this factor weighs in favor of sealing the pertinent portion of the proceedings. See, e.g., In re Chodiev, 2021 WL 1795423, at *5 (D.D.C. Mar. 23, 2021) (assessing timeliness and existence of party objections for purposes of third Hubbard factor).

The strength of the privacy interests asserted and possibility of prejudice. As noted above, the privacy interests asserted by Mr. Meredith in favor of sealing portions of the sentencing proceedings are of the upmost importance as they concern his mental health and medical treatments. Additionally, publicly divulging such deeply personal information has the effect of placing a stigma on Mr. Meredith at the very moment he is facing a highly unsympathetic public environment. Accordingly, this factor weighs in favor of sealing the pertinent portion of the proceedings.

Purpose for which documents are introduced during proceedings. Although, "there is a 'strong presumption of public access to documents that a litigant submits with the intention that the court will rely on them,'" Jackson, 2012 WL 1026127 at *8 (quoting United States v. All Assets Held at Bank Julius Baer & Co., 2020 WL 7773423 at *8 (D.D.C. Dec. 30, 2020)), the medical information is but a portion of the evidence upon which the Court is likely to rely when

fashioning a sentence for Mr. Meredith.  And so, to the extent, this factor weighs in favor of not sealing the pertinent portions of the proceedings, such weight is correspondingly slight.

In sum, Mr. Meredith's right to medical privacy constitutes a "higher value," against which the qualified First Amendment right of access must yield, thereby permitting the sealing of the portion of the sentencing proceeding addressing such medical issues.  Moreover, the Hubbard factors weigh in favor of sealing the pertinent sentencing proceedings, notwithstanding the public's common law right of access to judicial records.

Undersigned counsel sought the position of the Government regarding this Motion and was informed that the Government does not oppose the relief sought.

**WHEREFORE**, Defendant Cleveland Grover Meredith, Jr. respectfully requests that the above-referenced portions of the upcoming sentencing proceeding be placed under seal.

Respectfully submitted,

KIYONAGA & SOLTIS, P.C.

/s/ Paul Kiyonaga

_____

Paul Y. Kiyonaga
D.C. Bar 428624
Debra Soltis
D.C. Bar 435715
Marcus Massey
D.C. Bar 1012426
1827 Jefferson Place, NW
Washington, D.C. 20036
(202) 363-2776
pkiyonaga@kiyosol.com
*Counsel for Defendant*

December 1, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of December, 2021, a true and correct copy of the foregoing Defendant's Motion to Seal Portions of the Sentencing Proceeding was served via the ECF system on the on the following attorney for the Government:

> AUSA Anthony L. Franks
> DOJ-USAO
> 111 S. 10th Street Rm. 20.
> St. Louis, MO 63102
> Email: anthony.franks@usdoj.gov

> /s/ Paul Y. Kiyonaga
> _____
> Paul Y. Kiyonaga

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 1:21-cr-00159 (ABJ)** |
| | ) | |
| **CLEVELAND GROVER** | ) | |
| **MEREDITH, JR.** | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

### <u>PROPOSED ORDER</u>

Upon consideration of Defendant's Unopposed Motion to Seal Portions of the Sentencing

Proceeding, is <u>this</u>    day of December, 2021, hereby

      **ORDERED** that Defendant's Motion is **GRANTED,** and it is further

      **ORDERED** that the pertinent portions of the sentencing proceeding will be sealed as

directed by the Court during the hearing.


_____

The Honorable Amy Berman Jackson
United States District Judge

Copies to:

Paul Y. Kiyonaga
D.C. Bar 428624
1827 Jefferson Place, NW
Washington, D.C. 20036
Email: pkiyonaga@kiyosol.com

AUSA Anthony L. Franks
DOJ-USAO
111 S. 10th Street Rm. 20.
St. Louis, MO 63102
Email: anthony.franks@usdoj.gov

2