UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Case No. 1:21-cr-00159-ABJ** |
| v. : | |
| : | |
| **CLEVELAND GROVER** : | |
| **MEREDITH, JR.,** : | |
| : | |
| **Defendant.** : | |

### JOINT MOTION AND SUPPORTING MEMORANDUM REGARDING TRANSFER OF OWNERSHIP AND POSSESSION OF PROPERTY

The United States of America, by and through its attorney the United States Attorney of the District of Columbia, and defendant Cleveland Grover Meredith, Jr. (Meredith), through his attorney Paul y. Kiyonaga, (collectively "the parties"), and respectfully move for entry by this Court of an order permitting the transfer of ownership and possession of certain property to Meredith's Power of Attorney Tyler Dixon (Dixon).   The parties agree to this joint motion and agree that the Court may take action without further proceedings.   In support of the foregoing, the parties agree and state:

1. On January 8, 2021, Meredith was charged by complaint with violations of 18 U.S.C. § 875(c) (Interstate Communication of Threats); D.C. Code § 7-2502.01(a) (Possession of Unregistered Firearm); D.C. Code § 7-2506.01(a)(3) (Possession of Unregistered Ammunition); and D.C. Code § 7-2506.01(b) (Possession of Large Capacity Ammunition Feeding Devices). *See* ECF, 1.

2. Upon his arrest on January 8, 2021, Meredith waived his *Miranda* rights, and provided FBI agents with consent to search his truck, and his trailer. *See* ECF 47, at 4.   The FBI agents found a Glock 19, nine-millimeter handgun, serial number 17US0037, and a model IWI

1

Tavor X95 rifle, serial number T0062414, approximately 2,500 rounds of ammunition, and 10 large capacity ammunition feeding devices in Meredith's trailer. *See* ECF 47, at 5, 6.   Those rounds included:

* Approximately 856 loose and boxed 9 mm cartridges;
* Approximately 320 loose, green tipped, LC17 rifle cartridges;
* Approximately 1001 loose, copper-color tipped, 5.56 mm rifle cartridges;
* Approximately 94 loose 30-30 rifle cartridges;
* Two 15-capacity 9 mm magazines containing approximately 29 total cartridges;
* Two 31-capacity 9 mm magazines containing approximately 62 total cartridges;
* One 50-capacity 9 mm drum magazine containing approximately 53 total cartridges;
* Five 5.56 mm rifle magazines containing a total of 118 cartridges (110 copper-color tipped cartridges and 8 green tipped cartridges); and
* One 9 mm expended cartridge case.

3. A federal grand jury returned an indictment charging Meredith with the same offenses on February 26, 2021.   It returned a superseding Indictment on April 2, 2021, which narrowed the charge under 18 U.S.C. § 875(c), alleging that Meredith threatened to injure (not kidnap) Speaker of the House Nancy Pelosi. *See* ECF 1, 17, 28. On September 10, 2021, Meredith pled guilty to one count of making threats in violation of Title 18 U.S.C. § 875(c). *See* ECF, 46.   On December 14, 2021, this Court sentenced Meredith to 28 months' imprisonment and 36 months' supervised release. Judgment was entered on December 14, 2021, and it was filed with the Clerk of the Court on December 21, 2021. Dkt. 59.   Meredith has served his term

2

of imprisonment and was released from prison on December 30, 2022, and is currently on supervised release in this matter.

4.     As a result of his felony conviction, under 18 U.S.C. § 922(g)(1), Meredith acknowledges that he can no longer possess any firearm or ammunition.

5.     In *Henderson v. United States*, 135 S.Ct. 1780, 1787 (2015), the United States Supreme Court held that "a court facing a motion like Henderson's may approve the transfer of guns consistently with § 922(g) if, but only if, that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so." The Supreme Court advised that "[i]n considering such a motion, the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a §922(g) violation." The Supreme Court acknowledged that "[e]ven such a pledge, of course, might fail to provide an adequate safeguard, and a court should then disapprove the transfer."

6.     Filed and incorporated into this motion is the Affidavit by Meredith in which he affirms that he relinquishes all ownership and possessory rights in regard to the aforementioned firearms and ammunition and requests that this Court issue an order to the FBI to transfer the subject firearms and ammunition to Dixon with no undue delay, upon his demand.   Meredith has authorized Dixon to sell or transfer the firearms and ammunition to a third-party unknown to Meredith.

7.     Filed and incorporated into this motion is the Affidavit of Dixon and, in which he affirms: (i) his knowledge that Cleveland Grover Meredith, Jr. may not possess, control, or direct the use of the firearms; (ii) that if Dixon received the firearms and ammunition, he would

exercise complete control over the firearms and ammunition, without having to resort to Meredith's direction or control; (iii) that if he received the firearms and ammunition, he would not permit Meredith to direct or control the firearms; and that (iv) if he received the firearms and ammunition, he would sell them to a third party, unknown to Meredith.

8. Dixon is over the age of 21 and is lawfully permitted to possess and own firearms. Standard background checks were performed on him in April 2022 and did not disclose any criminal history.

9. Dixon is a licensed attorney in Georgia, and a member of the Georgia bar and presently works in Georgia.

10. Except as to those rights and obligations created by any order of this Court granting the Motion, the parties each have agreed to unconditionally release and hold harmless the other party, its departments, agencies, agents, officers, and employees, from any and all civil claims, demands, damages, causes of action or suits, of whatever kind and description that might now exist or hereafter exist by reason of or growing out of or affecting, directly or indirectly, the seizure or release of the firearms.

11. In view of the Supreme Court's decision in *Henderson v. United States* and the representations of Meredith, and Tyler Dixon, the United States has no objection to the Court granting the Motion. In the absence of such an objection and in view of the parties' various submissions, the parties agree that the Court may grant the Motion and has the discretion to do so without holding an evidentiary hearing.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar Number 481052

By:    */s/ Anthony L. Franks*
                ANTHONY L. FRANKS
                Missouri Bar No. 50217MO
                Assistant United States Attorney
                United States Attorney's Office for the
                District of Columbia
                Detailee – Federal Major Crimes
                601 D Street, N.W
                Washington, DC 20530
                (314) 539-3995
                Anthony.Franks@usdoj.gov


                KIYONAGA & SOLTIS, P.C.

                /s/Paul Kiyonaga
                Paul Y. Kiyonaga
                D.C. Bar 428624
                Debra Soltis
                D.C. Bar 435715
                Marcus Massey
                D.C. Bar 1012426
                1827 Jefferson Place, NW
                Washington, D.C. 20036
                (202) 363-2776
                pkiyonaga@kiyosol.com
                *Counsel for Defendant*